UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ADELFO GAVILAN GARCIA, CESAR
GAYOSSO, GABRIEL TECUN, HAGEO
CARDONA, LUIS FERNANDEZ ESCOBAR
FLORES, MIGUEL ANGEL DIAZ
GONZALEZ, and GENARO LOPEZ TEM,
individually and on behalf of others similarly
situated,

        Plaintiffs,

  -v-                                                 No.  16-CV-6252-LTS

GOLDEN ABACUS INC. (d/b/a BARKOGI),
DANNY P. LOUIE, LAURA WONG, and
ALBERT C. YUEN,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Adelfo Gavilan Garcia, Cesar Gayosso, Gabriel Tecun, Hageo Cardona, Luis Fernandez Escobar Flores, Miguel Angel Diaz Gonzalez, and Genaro Lopez Tem (collectively, "Plaintiffs") bring this action against Golden Abacus Inc. (d/b/a BarKogi) ("BarKogi"), Danny P. Louie, Laura Wong, and Albert C. Yuen (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. and the New York Labor Law ("NYLL"), Articles 6 and 19. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 201.

        The Defendants now move to compel arbitration of the instant dispute and request that the Court dismiss Plaintiff's complaint in its entirety. The Court has reviewed all submissions carefully and, for the reasons below, denies the Defendants' motion.

BACKGROUND[1]

Plaintiffs are former employees of BarKogi. (Compl. ¶ 2.) On or about their respective dates of hire, the Plaintiffs signed documents including an arbitration agreement (the "Agreement," Handbook at 33; see Pl. Mem. at 4; Def. Mem. at 2). The Agreement provided, in pertinent part, that the following types of disputes would be submitted to arbitration: "[c]laims of unlawful harassment or discrimination," "[c]laims of unfair demotion or reduction in pay," and "[a]ny claims of breach of contract or tort claims arising out of [an employee's] employment or termination with the Company, including, but not limited to, defamation, intentional infliction of emotional distress, intentional interference with contract, or right to privacy." (Handbook at 33).

On August 5, 2016, Plaintiffs brought the instant action alleging violations of Defendants' statutory obligations during the course of Plaintiffs' employment. In particular, Plaintiffs allege violations of the minimum wage and overtime provisions of the FLSA and NYLL and violations of the notice and recordkeeping, wage statement, and tip withholding provisions of the NYLL. (Compl. ¶¶ 192-209, 214-219, 223-226.) Plaintiffs further allege violations of the spread of hours wage order of the New York Commissioner of Labor and seek recovery of equipment costs under the FLSA and NYLL. (Compl. ¶¶ 210-213, 220-222.)

On November 22, 2016, Defendants moved to compel arbitration of Plaintiffs' claims pursuant to the Agreement. Plaintiffs oppose Defendants' motion and argue that the

---

[1] The facts recited are drawn from the Complaint ("Compl.," Docket Entry No. 1); Plaintiffs' Memorandum in Opposition to the Motion to Compel Arbitration ("Pl. Mem.," Docket Entry No. 32); Defendants' Memorandum in Support of the Motion to Compel Arbitration ("Def. Mem.," Docket Entry No. 34); and the BarKogi Employee Handbook ("Handbook," Docket Entry No. 34, Ex. A), and are undisputed except where indicated otherwise.

Agreement is unenforceable on the grounds of unconscionability, and also that the instant dispute is outside the scope of the Agreement.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.S. § 2 (LexisNexis 2008). Enacted "[t]o overcome judicial resistance to arbitration, [the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006).

However, "[a]rbitration is essentially contractual . . . , and parties may not be forced into arbitration if that was not their true agreement." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997). In deciding whether to compel arbitration, a district court must determine: "(1) whether the parties entered into an agreement to arbitrate; (2) if so, the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, claims are subject to arbitration, whether to stay the balance of the proceedings pending arbitration." Begonja v. Vornado Realty Trust, 159 F. Supp. 3d 402, 408-09 (S.D.N.Y. 2016) (citing Guyden v. Aetna, Inc., 544 F.3d 376, 382 (2d Cir. 2008). "The threshold question of whether the parties indeed agreed to arbitrate is determined by state contract law principles." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016).

"In deciding motions to compel, courts apply a standard similar to that applicable for a motion for summary judgment." Id. (internal quotation marks omitted). That standard

"requires a court to consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits" and to "draw all reasonable inferences in favor of the non-moving party." Id. (internal quotation marks omitted).

Defendants argue the instant action is within the scope of the Agreement because Plaintiffs' claims may properly be characterized as sounding in tort, or, in the alternative, as contract claims or claims regarding an unfair reduction in pay. (See Def. Mem. at 7-8; Def. Mem. in Reply to Pls.' Opp. to Mot. to Compel Arbitration ("Def. Reply Mem."), Docket Entry No. 36, at 6-8). Defendants have proffered no legal authority supporting their tort characterization argument. Courts in this circuit have routinely declined to apply tort principles to FLSA and NYLL claims. See Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14-CV-10234-JGK-JLC, 2016 WL 4704917, at *12 (S.D.N.Y. Sept. 8, 2016), report and recommendation adopted sub nom. Xochimitl v. Pita Grill of Hell's Kitchen, Inc, No. 14 CIV. 10234 (JGK), 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (declining to apply tort principles regarding the offset of damages to an FLSA or NYLL claim); Chen v. Yuen, No. 04-CV-06579-GBD-KNF, 2015 WL 7758532, at *4 n.11 (S.D.N.Y. Dec. 1, 2015) (same). Accordingly, the instant action cannot properly be characterized as asserting "tort claims" within the meaning of the arbitration provision.

Defendants' characterization of the instant action as a claim for breach of contract is similarly unpersuasive. Plaintiffs assert violations of statutory obligations. "[A] plaintiff cannot recover under a contract theory for a defendant['s] failure to comply with existing statutes." Krichman v. J.P. Morgan Chase & Co., No. 06-CV-15305, 2008 WL 5148769, at *3 (S.D.N.Y. Dec. 8, 2008). An FLSA or NYLL claim asserts breach of a duty that "is independent

of any duty an employer might owe his employee pursuant to an express or implied employment contract; it arises by operation of law."  Byrne v. C.I.R., 883 F.2d 211, 215 (3d Cir. 1989).  Accordingly, such claims are not "claims of breach of contract" that are within the scope of the Agreement.

Finally, Plaintiffs' claims cannot be characterized as asserting a "reduction in pay."  (Id. at 33.)  Defendants argue that, because Plaintiffs were provided with a Notice of Pay Rate stating a rate in compliance with the FLSA and NYLL, any payment below the statutory requirements would constitute a "reduction."  (Def. Reply Mem. at 7-8.)  Plaintiffs' Sixth through Ninth Causes of Action have nothing to do with Plaintiffs' pay rate, but rather allege Defendants' failure to comply with notice and recordkeeping requirements, failure to provide required wage statements, failure to reimburse equipment costs, and misappropriation of tips.  (See Compl. ¶¶ 214-226.)  Plaintiffs' First through Fifth Causes of Action allege failure to comply with minimum wage and overtime laws.  (See id. ¶¶ 192-213.)  Plaintiffs do not allege that Defendants reduced Plaintiffs' pay, but rather that they failed to comply with these statutory obligations throughout Plaintiffs' employment, including by misclassifying some Plaintiffs as tipped employees.  (See id. ¶¶ 55, 61-62, 76, 81, 98-100, 119-122, 137-138, 157-158.)

The parties could have agreed to arbitrate claims brought under the FLSA and NYLL.  See Ciago v. Ameriquest Mortg. Co., 295 F. Supp. 2d 324, 331-32 (S.D.N.Y. 2003) (holding agreements providing for arbitration of FLSA claims are enforceable).  Indeed, the parties did expressly agree to arbitrate other statutory claims.  (See Handbook at 33 (parties agree to arbitrate "[c]laims of unlawful harassment or discrimination").)  However, FLSA and NYLL claims are not contemplated on the face of the parties' Agreement, nor are they within the Agreement's scope by implication.

Because this action is outside the scope of the Agreement's arbitration clause, the Court need not address Plaintiffs' argument that the clause is unenforceable.

Accordingly, Defendants' motion to compel arbitration is denied.

## CONCLUSION

For the above reasons, Defendants' motion to compel arbitration is denied in its entirety. This Memorandum Opinion and Order resolves Docket Entry No. 29. The pre-trial conference scheduled for **July 6, 2017**, is adjourned sine die and this case will be referred to Magistrate Judge Andrew J. Peck for General Pretrial Management. The parties are directed to contact Judge Peck's chambers to request a conference date.

SO ORDERED.

Dated: New York, New York
June 13, 2017

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge