**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ADELFO GAVILAN GARCIA,
CESAR GAYOSSO, GABRIEL TECUN,
HAGEO CARDONA, LUIS FERNANDO
ESCOBAR FLORES, MIGUEL ANGEL DIAZ
GONZALEZ, and GENARO LOPEZ TEM,
*individually and on behalf of others similarly situated,*

                                                **16-cv-06252**(SHS)

           Plaintiffs,

      -against-

GOLDEN ABACUS INC. (d/b/a BARKOGI),
DANNY P. LOUIE, LAURA WONG and
ALBERT C. YUEN,

                    Defendants.
-------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between Adelfo Gavilan Garcia, Cesar Gayosso, Gabriel Tecun, Hageo Cardona, Luis Fernando Escobar Flores, Miguel Angel Diaz Gonzalez, and Genaro Lopez Tem(herein collectively referred to as "Plaintiffs") and Golden Abacus Inc. (d/b/a Bar Kogi), Danny P. Louie and Laura Wong, both in their representative and individual capacities (herein collectively referred to as "Defendants");

      A.      WHEREAS, Plaintiffs have brought forth an action in the United States District Court, Southern of New York (16 Cv. 6252), against DEFENDANTS alleging violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New

-1-

York State Labor Law; and

B.      WHEREAS, DEFENDANTS have denied PLAINTIFFS' claims; and

C.      WHEREAS, PLAINTIFFS and DEFENDANTS wish to avoid the uncertainties and

expense of future proceedings in this matter and desire to forgo any and all future

litigation; and

D.      WHEREAS, DEFENDANTS are willing to enter into this Agreement with

PLAINTIFFS and to provide PLAINTIFFS with the consideration specified in

Paragraph 1, below, in exchange for PLAINTIFFS' promises set forth in this

Agreement; and

E.      WHEREAS, the parties have agreed to voluntarily settle this action in exchange for

entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFFS

and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as

follows:

1.      **Consideration to be Provided to PLAINTIFFS.**

In consideration for the promises made by PLAINTIFFS set forth in this Agreement,

DEFENDANTS promise to pay PLAINTIFFS the total amount of FORTY-TWO THOUSAND

DOLLARS ($42,000.00).

Payment shall be payable in twelve (12) consecutive monthly installments of $3,500.00

starting thirty (30) days after Court approval of the settlement of this matter, and upon the signing

of this Agreement and execution of a W-9 by PLAINTIFFS' counsel, payable by check made out

to "Michael Faillace and Associates, P.C. as Attorney for Plaintiffs," Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel:

PLAINTIFFS further agree that they will be individually responsible for any employee taxes due on the payments pursuant to Paragraphs 1 (a) and (b) above and agree to indemnify and hold harmless DEFENDANTS for any such liability with respect to those payments. PLAINTIFFS acknowledge that their attorneys' fees and expenses will be paid as part of the monies set forth in this Paragraph, and there will be no further or separate claim for attorneys' fees or expenses.

**2.      Adequate Consideration.**

PLAINTIFFS expressly stipulate that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement and for the obligations imposed upon them by virtue of this Agreement. PLAINTIFFS expressly agree and acknowledge that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFFS in this Agreement.  In exchange for this Agreement, PLAINTIFFS' counsel will provide DEFENDANTS' counsel with an executed Stipulation of Discontinuance With Prejudice, which is annexed hereto as Exhibit A, and which will be filed with the Court after approval by the Court that the settlement is fair and reasonable, and the first payment set forth in Paragraph One herein.

### 3.    MUTUAL LIMITED RELEASES.

PLAINTIFFS and Plaintiff's heirs, executors, administrators, successors and assigns, voluntarily and irrevocably release and forever discharge all DEFENDANTS in the caption of this action, their directors and managers, officers and directors, successors and assigns (collectively "RELEASEES") from and against any and all claims, obligations, debts, liabilities, demands, and/or causes of action arising out of the employment relationship between Defendants and Plaintiffs at Defendants' restaurant Bar Kogi from the beginning of the world to the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any and all alleged claims claims for unpaid overtime, unpaid minimum wage, recovery of equipment costs (i.e. tools of the trade), unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3), and the unlawful withholding of tips pursuant to New York Labor Law § 196-d; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the Family and Medical Leave Act; the New York City

Administrative Code; the New York State Human Rights Law, New York Executive Law § 290 et seq.; the New York Civil Rights Law, New York Civil Rights Law § 1 et seq.; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; the New York Whistleblower Law, New York Labor Law § 740 et seq.; the New York Legal Activities Law; New York Labor Law § 201-d; the New York occupational safety and health laws; the New York Fair Credit Reporting Act; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against RELEASEES, based upon any conduct arising from the employment relationship between the Plaintiffs and the Defendants at the Defendants' restaurant Bar Kogi occurring up to and including the date of the complete execution of this Agreement  (all collectively referred to herein as the "disputes").

PLAINTIFFS understand that they are releasing any and all claims asserted against DEFENDANTS pursuant to the FLSA and New York Labor Law during the course of this litigation.

DEFENDANTS and Defendants heirs, executors, administrators, successors and assigns, managers, directors and officers, voluntarily and irrevocably release and forever discharge PLAINTIFFS from and against any and all claims, obligations, debts, liabilities, demands, or

-5-

causes of action arising from the employment relationship between the Plaintiffs and the Defendants at the Defendants' restaurant Bar Kogi, and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands arising from the employment relationship between the Plaintiffs and the Defendants at the Defendants' restaurant Bar Kogi, in law or equity, which they may have against PLAINTIFFS from the beginning of the world to the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any and all causes of action arising from the employment relationship between the Plaintiffs and the Defendants at the Defendants' restaurant Bar Kogi.

**4.      Affirmations by PLAINTIFFS.**

a. PLAINTIFFS agree that with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, individually or collectively, but also that in the event a claim is brought on their behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the PLAINTIFFS in Paragraph 3 herein, they are waiving their right to recover money or other relief in such action.

b. PLAINTIFFS warrant that they have not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against RELEASEES in any form or forum other than this Action. In the event that, for any reason,

-6-

any complaint, appeal, suit, action, charge, claim and/or proceeding filed by PLAINTIFFS are not wholly and finally dismissed with prejudice, PLAINTIFFS shall not voluntarily testify, provide documents or otherwise participate, or permit others to participate on PLAINTIFFS' behalf, in any such litigation, investigation or other proceeding arising therefrom or associated therewith, and shall not obtain or accept any recovery or relief therefrom, to the extent permitted by law.

c. In the event that PLAINTIFFS institute, is party to, or is a member of a class, collective, or multi-party group that institutes any claim or action against RELEASEES, PLAINTIFFS agrees that such claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and PLAINTIFFS shall execute any papers necessary to achieve this end.

d. In the event PLAINTIFFS commences, or threatens to commence, a suit, action or claim (a "New Action") against any of RELEASEES in contravention of this Agreement, PLAINTIFFS agrees to (i) forfeit any and all right to remaining payments from DEFENDANTS under this Agreement and (ii) reimburse RELEASEES for all attorneys' fees and costs incurred by RELEASEES in defending against such New Action.

g. PLAINTIFFS agrees that, in the event any of them are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the DEFENDANTS, their prior employment with DEFENDANTS, or to any subject matter relevant to the instant proceedings and the settlement of this matter, such PLAINTIFFS, will give prompt notice of such request to DEFENDANTS and, if possible, will make no disclosure until DEFENDANTS have had a

-7-

reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

h. As a result of this settlement, PLAINTIFFS admit and affirm that  (i)they have had an opportunity to consult their attorney about whether this settlement is reasonable and fully satisfies their claims against DEFENDANTS; (ii)  they have no other outstanding lawsuits or claims against DEFENDANTS, other than the action brought in the United States District Court, Southern District of New York (16 Civ. 6252).

i.      PLAINTIFFS affirm their understanding that the statute of limitations for any claim they might possess, including under any of the statutes referenced in Paragraph 3, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement.

j.      PLAINTIFFS have entered into this Agreement under their own free will and volition upon consultation with their attorney.

k.      PLAINTIFFS have had this Settlement Agreement read to them by PLAINTIFFS' counsel and/or an employee thereof in their **native language**.

5.      **No Admission of Liability or Wrongdoing.**

PLAINTIFFS agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing or of any violation of any statute, regulation, duty, contract, right or order by DEFENDANTS.   DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFFS.

### 6.   Breach.

In connection with this action, DANNY P. LOUIE and LAURA WONG shall execute affidavits of confessions of judgment which are annexed hereto as **Exhibit B**.   In the event of a breach of this Agreement by DEFENDANTS for PLAINTIFFS' failure to receive the payments set forth in Paragraph 1, PLAINTIFFS by their attorney, shall send written notice of such breach by certified U.S. mail, return receipt requested to DEFENDANTS' counsel Ahmuty Demers & McManus, 199 Water Street - 16th Floor New York, NY 10038, Attn: Alex Ru, Esq.  Upon notice of such breach, DEFENDANTS shall have ten (10) business days to cure such breach. If such breach is not cured within ten (10) business days, PLAINTIFFS shall be permitted to file the confessions of judgment with the New York County Clerk and/or in a Court of competent jurisdiction in the amount of $80,000.00, and attorneys' fees and interest, less amounts previously paid by DEFENDANTS pursuant to this Agreement.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York.  The United States District Court, Southern District of New York shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement.  The parties agree that any such dispute shall be resolved by a judge, not by a jury. The prevailing party shall be entitled to attorneys' fees.

### 7.   Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing.  PLAINTIFFS hereby represent

that they have consulted their attorney(s) about this Agreement before signing it.

### 8. Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

### 9. Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

### 10. Disputes; Damages.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.

### 11. Waiting Period, Right of Revocation, Effective Date.

PLAINTIFFS acknowledge that they have been provided with a reasonable period of time

within which to consider this settlement and to decide whether to execute this Agreement, and that they have been given the opportunity and, in fact, have consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFFS sign this Agreement. For a period of seven (7) days following his execution of this Agreement, PLAINTIFFS may revoke this Agreement. The right of revocation may be exercised by mailing by certified U.S. mail, return receipt requested, a written notice of revocation to DEFENDANTS counsel Ahmuty Demers & McManus, 199 Water Street - 16th Floor New York, NY 10038, Attn: Alex Ru, Esq. For the revocation to be effective, written notice must be received not later than the close of business on the seventh day after Plaintiff signs this Agreement.

This Agreement shall not become effective or enforceable until the seven (7) day revocation period expires without PLAINTIFFS having exercised the right of revocation

12. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFFS and DEFENDANTS.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY**

COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL ANDBINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

47474747

**PLAINTIFFS:**

Dated: 5-17-18

Adelfo Gavilan
ADELFO GAVILAN GARCIA

STATE OF NEW YORK )
)SS.:
COUNTY OF )

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

On MAY 17th, 2018 before me personally came to me ADELFO GAVILAN GARCIA, known and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

Dated: 05-21-18

CESAR GAYOSSO

STATE OF NEW YORK )
)SS.:
COUNTY OF )

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

On MAY 21st, 2018 before me personally came to me CESAR GAYOSSO, known and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

DATED: 5/18/18

GABRIEL TECUN

STATE OF NEW YORK )
)SS.:
COUNTY OF )

On MAY 18th, 2018 before me personally came to me GABRIEL TECUN, known and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

-13-

Dated: 05-18-2018

HAGEO CARDONA

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

STATE OF NEW YORK )
                     )SS.:
COUNTY OF       )

On MAY 18TH, 2018 before me personally came to me HAGEO CARDONA, known and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

Dated: 05/17/18

LUIS FERNANDO ESCOBAR FLORES

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

STATE OF NEW YORK )
                     )SS.:
COUNTY OF       )

On MAY 17TH, 2018 before me personally came to me LUIS FERNANDO ESCOBAR FLORES, known and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

Dated: 05/24/18

MIGUEL ANGEL DIAZ GONZALEZ

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

STATE OF NEW YORK )
                     )SS.:
COUNTY OF       )

On MAY 24TH, 2018 before me personally came to me MIGUEL ANGEL DIAZ GONZALEZ, known and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

Dated: 5-18-18

GENARO LOPEZ TEM

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

STATE OF NEW YORK )
                     )SS.:
COUNTY OF       )

On MAY 18TH, 2018 before me personally came to me GENARO LOPEZ TEM, known and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.


[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]


-14-

**DEFENDANTS:**

Dated:   5-17-2018 _____     _____

GOLDEN ABACUS INC. (D/B/A BARKOGI)
BY: DANNY P. LOUIE

Dated:   5-17-2018 _____     _____

DANNY P. LOUIE

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )
         May 17

On _____, 2018 before me personally came to me DANNY P. LOUIE, known and known
to me to be the individual described in, and who executed the foregoing Agreement, and duly
acknowledged to me that he executed the same.

ALEX J RU
Notary Public, State of New York
Reg. No. 02RU6334971
Qualified in Queens County
Commission Expires 12/28/2019

Dated:   5/17/18 _____     _____

LAURA WONG

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )
         May 17

On _____, 2018 before me personally came to me LAURA WONG, known and known to
me to be the individual described in, and who executed the foregoing Agreement, and duly
acknowledged to me that he executed the same.

ALEX J RU
Notary Public, State of New York
Reg. No. 02RU6334971
Qualified in Queens County
Commission Expires 12/28/2019

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADELFO GAVILAN GARCIA,
CESAR GAYOSSO, GABRIEL TECUN,
HAGEO CARDONA, LUIS FERNANDO
ESCOBAR FLORES, MIGUEL ANGEL DIAZ
GONZALEZ, and GENARO LOPEZ TEM,
*individually and on behalf of others similarly situated,*

                                     **16-cv-06252**(SHS)

        Plaintiffs,

     -against-

GOLDEN ABACUS INC. (d/b/a BARKOGI),
DANNY P. LOUIE, LAURA WONG and
ALBERT C. YUEN,

                       Defendants.
-----------------------------------------------------------------X

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with

prejudice against Defendants without costs to any party against any other.  This Stipulation may be filed

with the Court without further notice to any party.  This Court shall retain jurisdiction to enforce the

parties' Settlement Agreement.

Dated: _____, 2018
MICHAEL FAILLACE & ASSOCIATES, P.C.      AHMUTY, DEMERS, McMANUS

By:_____               By:_____
Colin Mulholland, Esq.                       Alex J Ru, Esq.
*Attorneys for Plaintiffs*                  *Attorneys for Defendants*
50 East 42nd Street, Suite 4510          199 Water Street, 16th Floor
New York, NY 10165                  New York, NY 10038
(212) 317-1200                       (212) 513-7788
                                Our File No.: MS2 0602N17 AJR

                                SO ORDERED:

                                _____
                                Hon. Sidney H. Stein

EXHIBIT B

**NEW YORK STATE SUPREME COURT**

-----------------------------------------------------------------X

ADELFO GAVILAN GARCIA, CESAR
GAYOSSO, GABRIEL TECUN, HAGEO
CARDONA, LUIS FERNANDO ESCOBAR
FLORES, MIGUEL ANGEL DIAZ GONZALEZ,
and GENARO LOPEZ TEM, individually *and on
behalf of others similarly situated,*

                            *Plaintiffs,*

                     -against-

GOLDEN ABACUS INC. (d/b/a BARKOGI),
DANNY P. LOUIE, LAURA WONG and ALBERT
C. YUEN,

                         *Defendants*

-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK     )
                      ) ss.
COUNTY OF   NY        )

       DANNY P. LOUIE being duly sworn, deposes and says:

1.         I, DANNY P. LOUIE, reside at _957  2nd Ave , NY NY_.

2.         I have authority to sign on behalf of myself and on behalf of Golden
Abacus Inc. (d/b/a BarKogi), and I am duly authorized to make this affidavit on my own, as well
as on behalf of Golden Abacus Inc. (d/b/a BarKogi).

3.         I hereby confess judgment and authorize entry of judgment against Golden
Abacus Inc. (d/b/a BarKogi), and myself, jointly and severally, in favor of Plaintiffs for the sum
of EIGHTY THOUSAND DOLLARS ($80,000.00 USD), less any payments previously received
pursuant to the terms of the Settlement Agreement and General Release entered into to settle the
Southern District Court action **GAVILAN GARCIA, et al v. GOLDEN ABACUS, INC., et al Case
No. 16-cv-06252** (the "Settlement Agreement"), signed by Plaintiffs and Defendants in the
above-captioned proceeding as well as any payments received from the Confession of Judgment
of LAURA WONG

4.         This Confession of Judgment is for a debt justly due or to become due to
Plaintiff pursuant to the Settlement Agreement, and Defendants' uncured default in payment

under the Settlement Agreement.

     5.     I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against Golden Abacus Inc. (d/b/a BarKogi), jointly and severally.

     6.     I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against Golden Abacus Inc. (d/b/a BarKogi), jointly and severally, for the above designated sum.

     7.     This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

     8.     In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

     9.     Judgment is not confessed with fraudulent intent or to protect my property from creditors.

     10.     Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____         5-17-2018
DANNY P. LOUIE         Date         _____


STATE OF NEW YORK        }
                           }S.S.
COUNTY OF   NY        }

     On  May 17, 2018, before me personally came DANNY P. LOUIE to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of Golden Abacus Inc. (d/b/a BarKogi) and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

**NEW YORK STATE SUPREME COURT**

-------------------------------------------------------------X

ADELFO GAVILAN GARCIA, CESAR
GAYOSSO, GABRIEL TECUN, HAGEO
CARDONA, LUIS FERNANDO ESCOBAR
FLORES, MIGUEL ANGEL DIAZ GONZALEZ,
and GENARO LOPEZ TEM, individually *and on
behalf of others similarly situated*,

                                                             *Plaintiffs,*

                                                      -against-

GOLDEN ABACUS INC. (d/b/a BARKOGI),
DANNY P. LOUIE, LAURA WONG and ALBERT
C. YUEN,

                                              *Defendants*

                                                  <u>AFFIDAVIT OF
CONFESSION
OF JUDGMENT</u>

-------------------------------------------------------------X

STATE OF NEW YORK    )
                            ) ss.

COUNTY OF NEW YORK  )

        LAURA WONG being duly sworn, deposes and says:

    1.        I, LAURA WONG, reside at _952 2nd Ave , NY NY_.

    2.        I have authority to sign on behalf of myself, on behalf of Golden Abacus
Inc. (d/b/a BarKogi), and I am duly authorized to make this affidavit on my own, as well as on
behalf of Golden Abacus Inc. (d/b/a BarKogi).

    **3.**        I hereby confess judgment and authorize entry of judgment against Golden
Abacus Inc. (d/b/a BarKogi), and myself, jointly and severally, in favor of Plaintiffs for the sum
of EIGHTY THOUSAND DOLLARS ($80,000.00 USD), less any payments previously received
pursuant to the terms of the Settlement Agreement and General Release entered into to settle the
Southern District Court action **GAVILAN GARCIA, et al v. GOLDEN ABACUS, INC., et al Case
No. 16-cv-06252** (the "<u>Settlement Agreement</u>"), signed by Plaintiffs and Defendants in the
above-captioned proceeding, as well as any payments received from the Confession of Judgment
of DANNY LOUIE, and GOLDEN ABACUS INC. (d/b/a BarKogi)

    4.        This Confession of Judgment is for a debt justly due or to become due to
Plaintiff pursuant to the Settlement Agreement, and Defendants' uncured default in payment

under the Settlement Agreement.

      5.      I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against Golden Abacus Inc. (d/b/a BarKogi), jointly and severally.

      6.      I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against Golden Abacus Inc. (d/b/a BarKogi), jointly and severally, for the above designated sum.

      7.      This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

      8.      In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

      9.      Judgment is not confessed with fraudulent intent or to protect my property from creditors.

      10.      Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____        5/17/18
LAURA WONG            Date

STATE OF NEW YORK      }
                          }S.S.
COUNTY OF _____NY_____  }

      On __May 17__, 2018, before me personally came LAURA WONG to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of Golden Abacus Inc. (d/b/a BarKogi) and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC